### JACOBS v. COHEN.

(Supreme Court, Appellate Term. May 7, 1909.)

1. TRIAL (§ 387*)—TRIAL BY COURT—COMPROMISE JUDGMENT.

A judgment simply "for defendant," finding no amount due either party, in an action in which there is a counterclaim consisting of several items, none of which could be set off without leaving some money due one party or the other, is a compromise judgment, which cannot stand.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 387.*]

2. COURTS (§ 190*)—MUNICIPAL COURTS—RIGHT OF APPEAL—FAILURE TO MOVE TO MODIFY JUDGMENT.

Failure to move for modification of judgment, as allowed by Municipal Court Act (Laws 1902, p. 1563, c. 580) § 254, does not deprive a party of right to appeal from a compromise judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Arthur D. Jacobs against Julius M. Cohen. From a judgment by default, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Arthur L. Davis, for appellant.
Samuel Newman, for respondent.

PER CURIAM. Plaintiff sued to recover a balance due him from defendant for wages and merchandise. Defendant set up a counterclaim, which, after amending his bill of particulars, consisted of four items. Two of these items, conceded on the trial to amount to $19.45, plaintiff admits were owed by him to defendant, having set them out in plaintiff's own bill of particulars. The trial justice rendered a judgment "for the defendant," finding no amounts due to either party. Under any possible construction of the judgment, it can only be regarded as a compromise; for, remembering that the plaintiff admits an indebtedness of $19.45, there is no arrangement by which any of the items can be offset that would not show some money due to one party or the other.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Although defendant might have moved the trial court under section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580), his failure to do so does not preclude his right to this appeal. Under the well-recognized rule that a compromise judgment cannot' stand, it is obligatory upon this court to reverse the judgment, and order a new trial, but without costs.

Judgment reversed, and new trial ordered, without costs of this appeal to either party.